IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOFTWARE RESTORE SOLUTIONS, LLC, an Illinois limited liability company, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| APPLE INC., a California corporation, | )<br>) |
| Defendant. | ) |

Civil Action No. 1:11-cv-5625

The Honorable _____

Magistrate Judge _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Software Restore Solutions, LLC ("SRS"), complains against Defendant Apple Inc. ("Apple" or "Defendant"), as follows:

## NATURE OF ACTION

This is an action for patent infringement pursuant to 35 U.S.C. § 271. The patented technology relates to software-based methods and systems for the efficient management of the set-up configuration of computer software applications. The patented technology enables, among other features, the automatic detection and resetting of computer software to a preferred configuration status upon discovery of certain configuration discrepancies. Defendant Apple makes, uses, offers to sell, sells and/or imports software that incorporates the patented technology.

## THE PARTIES

1. SRS is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062. SRS is in the business of licensing its patented technology.

2. Apple is a corporation incorporated under the laws of the State of California with its principal place of business at 1 Infinite Loop, Cupertino, California, 95014. Apple, by itself, and

through one or more other entities owned, controlled or otherwise affiliated with Apple, conducts

business in and is doing business in Illinois and in this District and elsewhere in the United States,

including, without limitation, supplying, promoting, offering to sell and selling software and other

products to customers in this District.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the Patent Laws of the United

States, 35 U.S.C. § 1 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1331 and 1338(a).

4.      Apple is subject to this Court's specific and general personal jurisdiction pursuant to

due process and/or the Illinois Long Arm Statute, due at least to its substantial business conducted in

this forum, including having (i) solicited business in the State of Illinois, transacted business within

the State of Illinois and attempted to derive financial benefit from residents of the State of Illinois,

including benefits directly related to the instant patent infringement causes of action set forth herein;

(ii) having placed its products and services into the stream of commerce throughout the United

States and having transacted business in Illinois and in this District; and (iii) either alone or in

conjunction with others, having committed acts of infringement within this District, induced others

to commit acts of infringement within this District, and/or contributed to infringing activities within

this District.

5.      Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b)

because Apple is subject to personal jurisdiction in this District, resides in, has regularly conducted

business in this District and/or has committed acts of patent infringement in this District.

<u>**INFRINGEMENT OF THE '511 PATENT**</u>

6.      Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 5, as if fully set forth herein.

7.      On November 3, 1998, U.S. Patent No. 5,832,511 ("the '511 patent"), entitled "Workgroup Network Manager For Controlling The Operation Of Workstations Within The Computer Network," a copy of which is attached hereto as Exhibit A, was duly and legally issued to inventors Robert E. Beck and Ronald L. Schoenberger.  The inventors originally assigned all right, title and interest in the '511 patent to Beck Systems, Inc., an Illinois corporation having a place of business in Arlington Heights, Illinois.  Beck Systems, Inc. subsequently assigned all of its right, title and interest in the '511 patent to Acacia Patent Acquisition LLC, which further assigned all right, title and interest in the '511 patent to SRS.  SRS is currently the exclusive owner of the '511 patent and has the right to sue for and recover all past, present and future damages and other legal and equitable relief available for infringement of the '511 patent.

8.      Apple, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District.  Apple has been and is engaged in direct infringing activities with respect to at least the Disk Utility feature of its operating systems, including operating systems identified as versions Mac OS X v10, Mac OS X v10.0, MAC OS X v10.1, Mac OS X v10.2, Mac OS X v10.3, Mac OS X v10.4, Mac OS X v10.5 and Mac OS X v10.6 and possibly in other operating system versions, which have been designed to enable automated repair functionality for automatically resetting a software

application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Apple Systems").

9.      Apple has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Apple Systems that are designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Apple in connection with software provided by Apple and/or third-party software vendors; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Apple on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Apple Systems; (3) providing instructions and directions to third-party software vendors performing software packaging to enable installation of third-party software on the Accused Apple Systems such that when the software is operated as intended by Apple on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Apple Systems; (4) providing instructions and directions to end users regarding the installation and management of software and the Accused Apple Systems; and (5) providing ongoing support and maintenance for software and the Accused Apple Systems to end users. Apple is further liable for direct infringement of at least claim 32 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Apple Systems, such that Apple is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

10.     Plaintiff pleads in the alternative that Apple, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Apple Systems of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Apple Systems that are designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Apple in connection with software provided by Apple and/or third-party software vendors; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Apple on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Apple Systems; (3) providing instructions and directions to third-party software vendors performing software packaging to enable installation of third-party software on the Accused Apple Systems such that when the software is operated as intended by Apple on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Apple Systems;  (4) providing instructions and directions to end users regarding the installation and management of software and the Accused Apple Systems; and (5) providing ongoing support and maintenance for software and the Accused Apple Systems to end users.  Apple has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

11.     Plaintiff further pleads in the alternative that Apple, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Apple Systems of at least claim 32

of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the systems that are designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Apple in connection with its systems for use by end users in practicing the patented methods, knowing that such systems are especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

12.     Apple's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

13.     Unless enjoined by the Court, Apple will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

## PRAYER FOR RELIEF

WHEREFORE, SRS prays for:

1.     Judgment that the '511 patent is valid, enforceable, and infringed by Defendant;

2     Injunctive relief prohibiting Defendant, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

3.     An award of damages not less than a reasonable royalty arising out of Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

4.     Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

5.      An award of SRS's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

6.      Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

SRS demands trial by jury of all issues triable of right by a jury.

**RESERVATION OF RIGHTS**

SRS's investigation is ongoing, and certain material information remains in the sole possession of the Defendant or third parties, which will be obtained via discovery herein.  SRS expressly reserves the right to amend or supplement the causes of action set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Date:    August 17, 2011                    /s/Timothy P. Maloney
                                           Timothy P. Maloney (IL 6216483)
                                           Alison A. Richards (IL 6285669)
                                           Nicole L. Little (IL 6297047)
                                           David A. Gosse (IL 6299892)
                                           FITCH, EVEN, TABIN & FLANNERY
                                           120 South LaSalle Street, Suite 1600
                                           Chicago, Illinois 60603
                                           Telephone: (312) 577-7000
                                           Facsimile: (312) 577-7007

                                           Steven C. Schroer (IL 6250991)
                                           FITCH, EVEN, TABIN & FLANNERY
                                           1942 Broadway, Suite 213
                                           Boulder, Colorado 80302
                                           Telephone: 303.402.6966
                                           Facsimile: 303.402.6970

                                           *Counsel for Plaintiff*